IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MANUEL A. CABALLERO-ZUNIGA, | |
| Plaintiff, | 4:20CV3025 |
| vs. | |
| SARPY COUNTY DISTRICT COURT, STEFANIE MARTINEZ, Honorable; SCOTT EARL, County Attorney; and LEE POLIKOV, District Attorney; | **MEMORANDUM AND ORDER** |
| Defendants. | |

Plaintiff is currently incarcerated at the Nebraska State Penitentiary[1], but he brings this 42 U.S.C. § 1983 action because of events that occurred when he was serving time for a prior conviction in the Sarpy County Jail and the Nebraska Department of Corrections. The court has granted Plaintiff permission to proceed in forma pauperis (Filing 8), and the court now conducts an initial review of the Complaint (Filing 1) to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff sues the Sarpy County, Nebraska, District Court; one of its judges, Stefanie Martinez; and two county attorneys, Scott Earl and Lee Polikov, claiming that he was held in prison for 28 days beyond his release date. Plaintiff alleges that during a December 4, 2018, Sarpy County District Court sentencing hearing before Judge Martinez, the Judge and County Attorney Scott Earl agreed to give Plaintiff only one day of time served when he had actually served five months in the county

---

[1] The Nebraska Department of Correctional Services inmate database indicates that Plaintiff is now serving a 4- to 6-year sentence for burglary.

jail. When Plaintiff pointed out their error, they agreed to correct it after the hearing. When Plaintiff failed to hear an update from the court, he directed his attorney to investigate. Plaintiff was allegedly released from prison on February 26, 2019, when, in his view, he was supposed to have been released on January 29, 2019. Plaintiff requests $1 million in damages.

The Nebraska Judicial Branch computerized record-keeping system known as "Justice" indicates that on December 4, 2018, Plaintiff was sentenced in Sarpy County District Court Case No. CR 18-328 to 12 months in prison on Count 1, Attempted Burglary, a Class IIIA felony, and 6 months on Count 2, Possession of Burglar's Tools, a Class IV felony, to be served concurrently. Plaintiff was ordered to serve a minimum of 180 days, minus credit for time served. The records indicate that Plaintiff was given credit for 126 days served.[2]

## II. LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion of

---

[2] This court is entitled to take judicial notice of public records. *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (court may take judicial notice of public records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court "may take judicial notice of judicial opinions and public records"). In Nebraska, court records are public records. Neb. Op. Att'y Gen. No. 97055, 1997 WL 643407, at *3 (Oct. 16, 1997) ("records of the court . . . are subject to the Public Records Statutes"); Neb. Rev. Stat. § 84-712.01(1) (Westlaw 2020) (defining public records as "all records and documents . . . belonging to this state . . . or any agency, branch, department, board, bureau, commission, council, subunit, or committee of any of the foregoing"); Neb. Ct. R. § 1-809(A) (Westlaw 2020) ("Electronic court records and information accessed at courthouse public access terminals will be available for public access in the courthouse during regular office hours.").

it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III.  DISCUSSION

**A.  Proper Defendants**

    **1. Policy/Custom**

Plaintiff sues a court, a judge, and two county attorneys. Because he does not indicate the capacity in which these Defendants are sued, the court must assume they are sued in their official capacities. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against

the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer." (internal citations omitted)).

Plaintiff's claims against the Defendant judge and county attorneys in their official capacities are actually claims against Sarpy County itself. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (citation omitted)).

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other local government unit) can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. To prevail on a claim alleged against the county, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

>(2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation."

*Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Here, Plaintiff's allegations against Judge Stefanie Martinez and County Attorneys Scott Earl and Lee Polikov in their official capacities—which are in reality a claim against Sarpy County—fail to state a claim upon which relief can be granted because he does not allege that a policy or custom of a government entity caused the violation of his constitutional rights.

### 2. Immunity

Even if Plaintiff had sued Defendants Judge Martinez and County Attorneys Earl and Polikov in their individual capacities, they would be immune from suit.

#### a. Judge Martinez

A judge is immune from suit, including suits brought under 42 U.S.C. § 1983, to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Woodworth v. Hulshof*, 891 F.3d 1083, 1090 (8th Cir. 2018); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Woodworth*, 891 F.3d at 1090-91 (quoting *Schottel*, 687 F.3d at 373). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity."

5

*Id*. (internal citations omitted). Absolute judicial immunity is not overcome by allegations of bad faith or malice. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Here, Plaintiff alleges that Judge Martinez erroneously calculated Plaintiff's sentence—an act which was taken in the Judge's judicial capacity and is normally performed by a judge. Therefore, Defendant Martinez is immune from Plaintiff's claims.

### b. County Attorneys

Likewise, Defendant County Attorneys Earl and Polikov are absolutely immune from suit under section 1983 for their actions in prosecuting Plaintiff. *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31 (1976) (establishing absolute immunity of prosecutor from 42 U.S.C. § 1983 civil suit "in initiating a prosecution and in presenting the State's case"; such immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process"); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 271 (1993) (prosecutor acting as advocate for state in criminal prosecution is entitled to absolute immunity); *Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996) (county prosecutors entitled to absolute immunity from suit).

### 3. Sarpy County District Court; Not a "Person" Under Section 1983

Finally, Defendant Sarpy County District Court is not an entity that can be sued under section 1983. *Harris v. Missouri Court of Appeals, W. Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) ("A court is not a 'person' within the meaning of the Civil Rights Act."); *Lander v. Slay*, No. 4:15-CV-824, 2015 WL 4601154, at *2 (E.D. Mo. July 20, 2015) (pro se § 1983 action dismissed against city court because court is not suable entity under § 1983 (citing cases)); *Yisra-El v. City of Ferguson Mun. Court*, No. 411CV881RWS, 2011 WL 2020832, at *2 (E.D. Mo. May 24, 2011) (Plaintiffs' claims against city municipal court were legally frivolous because courts are not "persons" within meaning of § 1983).

## B. Due Process Claim

As to the substance of Plaintiff's claim, it is clear that Plaintiff does have a protected liberty interest in being free from wrongful incarceration. *Davis v. Hall*, 375 F.3d 703, 717 (8th Cir. 2004) (recognizing section 1983 claim when former prisoner alleged that he continued to be incarcerated after he was ordered to be released, which violated his right to liberty protected by the Fourteenth Amendment's guarantee of substantive due process of law). However, prolonged detention will not constitute a Fourteenth Amendment violation unless the defendants were personally involved in the constitutional violation and they had the requisite state of mind—that is, they were "personally involved in, or directly responsible for, [Plaintiff's] prolonged incarceration" and they were "deliberately indifferent to [the Plaintiff's] plight." *Dahl v. Weber*, 580 F.3d 730, 733 (8th Cir. 2009). Such deliberate indifference might be established through proof of the length of the plaintiff's wrongful incarceration, the nature and frequency of his protests, the defendants' knowledge of the plaintiff's judgment and sentencing order, and whether the defendants ignored or reprimanded the plaintiff when he attempted to make the defendants aware of his situation. *Davis*, 375 F.3d at 718-19.

While the nature of Plaintiff's allegations make it unlikely he can name a defendant who can properly be sued under section 1983 and who was personally involved in, and responsible for, Plaintiff's allegedly prolonged incarceration, I shall grant Plaintiff leave to file an amended complaint to name such a defendant.

## IV. CONCLUSION

While Plaintiff's claims against the named Defendants may not proceed for the reasons discussed above, Plaintiff may file an amended complaint asserting a Fourteenth Amendment substantive due process claim against defendants who were *personally involved* in improperly prolonging Plaintiff's incarceration *and* were deliberately indifferent to Plaintiff's right to be released. Failure to file an amended

7

complaint within the time specified by the court will result in the court dismissing this action without further notice to Plaintiff.

IT IS THEREFORE ORDERED:

1. Defendants Judge Stefanie Martinez and County Attorneys Scott Earl and Lee Polikov in their official capacities are dismissed from this action for failure to state a claim upon which relief can be granted. Defendant Sarpy County District Court is dismissed from this action for failure to state a claim upon which relief can be granted because such Defendant is not an entity that can be sued under 42 U.S.C. § 1983.

2. Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sets forth a viable claim against a proper defendant who was *personally involved* in improperly prolonging Plaintiff's incarceration *and* who was deliberately indifferent to such incarceration. If Plaintiff fails to file an amended complaint, or the court finds that the amended complaint is insufficient, this matter will be dismissed without further notice for failure to state a claim upon which relief may be granted. In his amended complaint, Plaintiff must identify each defendant by name and set forth all of Plaintiff's claims (and any supporting factual allegations) against that defendant. Plaintiff should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him.

3. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of his original Complaint (Filing 1) and any new allegations. Failure to consolidate all claims ***into one document*** may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. §§ 1915(e) and 1915A in the event he files an amended complaint.

5. The Clerk of the Court is directed to set the following pro se case management deadline: November 5, 2020—amended complaint due.

DATED this 6th day of October, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge