IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MANUEL A. CABALLERO-ZUNIGA,

Plaintiff,

vs.

SARPY COUNTY NEBRASKA,

Defendant.

4:20CV3025

**MEMORANDUM AND ORDER**

In this lawsuit, Plaintiff claims he was held in prison for 28 days beyond his release date.[1] After initial review of Plaintiff's Complaint (Filing 9), the court granted Plaintiff leave to file an amended complaint to name a defendant who could properly be sued under 42 U.S.C. § 1983 and who was personally involved in, and responsible for, improperly prolonging Plaintiff's incarceration and being deliberately indifferent to Plaintiff's right to be released in violation of the Fourteenth Amendment's guarantee of substantive due process of law. The court dismissed Plaintiff's claims against Judge Stefanie Martinez and County Attorneys Scott Earl and Lee Polikov in their official capacities for failure to allege facts indicating that a policy or custom of a government entity caused the violation of Plaintiff's constitutional rights. The court advised Plaintiff that these Defendants would also be immune from suit in their individual capacities. (Filing 9 at CM/ECF p. 5.) The court also dismissed Defendant Sarpy County District Court because it is not an entity that can be sued under section 1983. (*Id.* at p. 6.)

Plaintiff's Amended Complaint restates the facts alleged in his original Complaint and "ask[s] the court to change the defendant to 'Sarpy County, NE.'" (Filing 14 at CM/ECF p. 3) However, Plaintiff has failed to allege any facts indicating that his "constitutional injury was caused by a policy or custom of the municipality, the

---

[1] Plaintiff is currently incarcerated at the Omaha Community Corrections Center, but he brings this 42 U.S.C. § 1983 action to challenge events that occurred when he was serving time for a prior conviction in the Sarpy County Jail and the Nebraska Department of Corrections.

implementation of which amounted to deliberate indifference to his constitutional rights."[2] *Lund v. Hennepin Cty.*, 427 F.3d 1123, 1125 (8th Cir. 2005). Nor does Plaintiff name a defendant who was personally involved in, or directly responsible for, Plaintiff's prolonged incarceration and who was deliberately indifferent to Plaintiff's plight. *Dahl v. Weber*, 580 F.3d 730, 733 (8th Cir. 2009). Therefore, Plaintiff has again failed to state a claim upon which relief can be granted, and this matter must be dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B) & 28 U.S.C. § 1915A(b) (court must dismiss complaint or any portion of it that states frivolous or malicious claim, fails to state claim upon which relief may be granted, or seeks monetary relief from defendant who is immune from such relief).

Accordingly,

IT IS ORDERED:

1. This case is dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

2. Judgment shall be entered by separate document.

DATED this 12th day of May, 2021.

BY THE COURT:

*Richard G. Kopf*
Richard G. Kopf
Senior United States District Judge

---

[2] The court's initial review explained in detail the concept and requirements of municipal liability. (Filing 9 at CM/ECF pp. 3-5.)